07-2958-ag
Dong v. Holder

BIA
Bukszpan, IJ
A078 840 543
A098 582 554

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of November, two thousand nine.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge*,
> JON. O. NEWMAN,
> PIERRE N. LEVAL,
> > *Circuit Judges*.

_____

XUE MEI DONG, QIN YAO ZHENG,
> *Petitioners*,

v.                                    07-2958-ag
                                      NAC

ERIC H. HOLDER, JR.,* UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

---

     * Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

FOR PETITIONERS:          Gary J. Yerman, New York, New York.

FOR RESPONDENT:           Gregory G. Katsas, Assistant
                          Attorney General; M. Jocelyn Lopez
                          Wright; Assistant Director; Jonathan
                          Robbins, Attorney, Office of
                          Immigration Litigation, United
                          States Department of Justice,
                          Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Xue Mei Dong and Qin Yao Zheng, natives and citizens of the People's Republic of China, seek review of a June 22, 2007 order of the BIA, affirming the November 7, 2005 decision of Immigration Judge ("IJ") Joanna Miller Bukszpan, which denied their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xue Mei Dong, Qin Yao Zheng*, No. A078 840 543, A098 582 554 (B.I.A. Jun. 22, 2007), *aff'g* No. A078 840 543, A098 582 554 (Immig. Ct. N.Y. City Nov. 7, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA

decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Petitioners argue that the BIA erred in concluding that they failed to demonstrate their eligibility for relief from removal based on the birth of their U.S. citizen children. However, this argument fails because we have previously reviewed the BIA's consideration of evidence similar to that which petitioners presented and have found no error in its conclusion that such evidence is insufficient to establish an objectively reasonable fear of persecution. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 156-68 (2d Cir. 2008). Moreover, petitioners failed to demonstrate their eligibility for CAT relief based on their illegal departure from China because they are not "entitled to CAT protection based solely on the fact that [they are] part of the large

3

class of persons who have illegally departed China," *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005), and they failed to provide the particularized evidence necessary to demonstrate their eligibility for such relief, *see Pierre v. Gonzales*, 502 F.3d 109, 118-19 (2d Cir. 2007).

In addition, we do not find that the BIA erred in noting that petitioners' children have U.S. passports, have been residing in China, and have not suffered any harm in China because, contrary to petitioners' argument, the BIA did not rely on such facts to find them not credible as to their subjective fear of returning to China. *Cf. Uwais v. U.S. Att'y General*, 478 F.3d 513, 518-19 (2d Cir. 2007) (finding that the BIA erred in relying on petitioner's child's trip to Sri Lanka to find petitioner's claimed fear of returning to Sri Lanka not plausible). Additionally, we need not review the IJ's discretionary denial of petitioners' application for asylum because the BIA explicitly declined to review that determination. *See Xue Hong Yang*, 426 F.3d at 522.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of

4

removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____